**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHRISTOPHER MENDOZA,<br><br>Plaintiff,<br><br>v.<br><br>I. JOHNSON, CAMDEN COUNTY CORRECTIONAL FACILITY OFFICER,<br><br>Defendant. | No. 25cv16404 (EP)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

*Pro se* Plaintiff Christopher Mendoza, an inmate at Garden State Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 against Defendant I. Johnson, a correctional officer at Camden County Correctional Facility. D.E. 1 ("Compl." or "Complaint"). Construing Plaintiff's Complaint liberally, Plaintiff asserts two claims: (1) Defendant deliberately denied his requests for medical care; and (2) Defendant used excessive force against him. *Id.* at 5.

Plaintiff seeks to proceed *in forma pauperis* ("IFP"). D.E. 1-1 ("IFP Application"). Because Plaintiff demonstrates financial need and his IFP Application conforms to the requirements of 28 U.S.C. § 1915(a), the Court will **GRANT** the IFP Application. The Court must now screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, Plaintiff's claims of deliberate indifference to serious medical needs and excessive force may **PROCEED** against Defendant.

## I. BACKGROUND[1]

Plaintiff alleges that between February 8 and February 11, while incarcerated at Camden

[1] The facts are drawn from the Complaint, D.E. 1, and are accepted as true for purposes of screening. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

County Correctional Facility as a pretrial detainee, he experienced symptoms consistent with food poisoning, including excessive vomiting, an upset stomach, chest burning, fever, and dizziness.[2] Compl. at 2, 5. Even though Plaintiff "begged and screamed" for medical attention for over two hours, Defendant denied him medical care and subsequently entered his cell, pepper sprayed him, wrestled him, and slammed him into the ground, injuring his leg and worsening his condition. *Id.* at 5. Plaintiff alleges that his cellmate was a witness. *Id.* at 6.

Shortly thereafter, medical personnel evaluated Plaintiff while he was still vomiting and experiencing chest pain. *Id.* at 5. Plaintiff alleges that medical personnel administered a shot that put him to sleep. *Id.* He alleges that he awoke in medical holding at Camden County Correctional Facility and was then transferred to Burlington County Jail within two days. *Id.* at 5–6. Plaintiff concedes that he did not exhaust his administrative remedies at Camden County Correctional Facility because he was "drugged with a sedative resulting in eventual unconsciousness" and was subsequently transferred to a different jail. *Id.* at 5. For relief, Plaintiff seeks financial compensation. *Id.* at 6.

On October 9, 2025, Plaintiff filed the Complaint. On September 14, 2026, Plaintiff informed the Court that he was transferred from Burlington County Jail to the Garden State Correctional Facility in Yardville, New Jersey. D.E. 6.

## II. LEGAL STANDARD

### A. IFP Application

Under 28 U.S.C. § 1915, the Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express*

[2] Plaintiff alleges that the incident occurred between February 8 and February 11, but does not specify the year. Compl. at 5.

*Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). However, when granting leave to proceed IFP, courts must examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

### B. Screening Under Federal Rule of Civil Procedure 12(b)(6)

Courts screen *pro se* complaints using the same standard as motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under § 1915(e)(2)(B)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

Federal Rule of Civil Procedure 8 also requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A *pro se* plaintiff's complaint must be liberally construed. *See Shorter*, 12 F.4th at 374. Additionally, when construing a *pro se* plaintiff's complaint, the court will "apply the relevant legal principle even when the complaint has failed to name it." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). Liberal construction, however, does not allow the Court to invent facts or a federal right that the operative pleading does not plausibly allege. *Id.*; *Iqbal*, 556 U.S. at 678.

## III. ANALYSIS

### A. The Court Will Grant Plaintiff's IFP Application

Plaintiff states that he receives no income and has no cash, outside bank accounts, or other

assets. IFP Application at 2–3. His certified inmate account statement reflects an ending balance of $41.85. *Id.* at 8. The Court determines that Plaintiff has "establish[ed] that he is unable to pay the costs of his suit." *Walker*, 886 F.2d at 601. Therefore, the Court will **GRANT** Plaintiff's IFP Application.

### B. Exhaustion of Administrative Remedies

Exhaustion under the Prison Litigation Reform Act of 1995 ("PLRA") is an affirmative defense; dismissal for failure to exhaust is appropriate only where non-exhaustion is clear on the face of the complaint. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). An inmate need exhaust only those remedies that are "available." *Ross v. Blake*, 578 U.S. 632, 642 (2016). Here, the Complaint does not plainly demonstrate non-exhaustion of available remedies due to Plaintiff's multiple transfers and alleged unconsciousness. Compl. at 5. At this juncture, the record does not establish whether administrative remedies were available to him following the transfers. *See Ross*, 578 U.S. at 642. Therefore, the Court declines to dismiss any claim on exhaustion grounds and will screen each claim. Defendant may, however, assert exhaustion in his motion or answer.

### C. 42 U.S.C. § 1983

To bring a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Each defendant also must have personally participated in the alleged violation or had actual knowledge of and acquiesced in it. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). Conclusory assertions of personal involvement are not enough. *See Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir. 2005).

Although Plaintiff does not specifically state it, to the extent the Court comprehends

Plaintiff's allegations, he asserts claims of deliberate indifference to serious medical needs and excessive force against Defendant. *See Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 248 (3d Cir. 1999) ("We apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name."); Compl. at 5–6. Because Plaintiff was a pretrial detainee when the incident described in the Complaint occurred, Compl. at 2, his claims are analyzed under the Due Process Clause of the Fourteenth Amendment. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005) (holding that the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees).

*1. Deliberate indifference to serious medical needs*

Liberally construing the Complaint, Plaintiff alleges that Defendant denied necessary medical treatment for his serious condition of food poisoning, including symptoms of excessive vomiting, upset stomach, burning chest, fever, and dizziness. Compl. at 5. To survive screening, Plaintiff must allege a serious medical need and plead facts showing that Defendant acted with deliberate indifference or otherwise in a manner not rationally related to a legitimate governmental objective. *See Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) (addressing standards for pretrial detainees).

The Complaint identifies the incident, asserts the nature of Plaintiff's symptoms, and alleges that Defendant specifically denied him medical treatment. *West*, 487 U.S. at 48; *Chavarriaga*, 806 F.3d at 222; Compl. at 5–6. The Court finds that those allegations are sufficient, at screening, to state a plausible Fourteenth Amendment claim against Defendant. Therefore, the deliberate indifference to serious medical needs claim may **PROCEED** against Defendant because the Complaint pleads medical delays and denials tied to Defendant. *See Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346–47 (3d Cir. 1987) (recognizing deliberate indifference

where prison officials deny reasonable requests for medical treatment or delay necessary treatment for non-medical reasons).

*2. Excessive force*

Plaintiff next asserts that Defendant used excessive force against him when he pepper sprayed him, wrestled him, and slammed him into the ground, injuring Plaintiff's leg and worsening his condition. Compl. at 5. Because Plaintiff was a pretrial detainee at the time of the alleged incident, the claim again arises under the Due Process Clause of the Fourteenth Amendment and is governed by the objective reasonableness standard set forth in *Kingsley*, 576 U.S. at 389. The inquiry is twofold: (1) whether the force was used deliberately and (2) whether the force was objectively unreasonable in light of the facts and circumstances confronting the officer. *Id.* at 396–97. When conducting this inquiry, courts consider the relationship between the need for force and the amount used, the extent of the injury, any effort made to temper the response, the severity of the security problem at issue, the threat reasonably perceived, and whether the detainee was actively resisting. *Id.* at 397.

Plaintiff alleges that, while experiencing excessive vomiting, chest burning, fever, and dizziness, Defendant entered Plaintiff's cell, prepper-sprayed, wrestled, and slammed him into the ground, injuring his leg. Compl. at 5. Accepting these allegations as true and drawing reasonable inferences in Plaintiff's favor, the Complaint describes force allegedly used in response to Plaintiff's request for medical assistance rather than to restore order in the face of an immediate disturbance. *Kingsley*, 576 U.S. at 397.

Moreover, there are no facts in the Complaint that Plaintiff resisted Defendant's orders or posed any other threat that would warrant the level of force described. Therefore, at this stage, the Court cannot conclude that the degree of force alleged was objectively reasonable as a matter of

law. *Kingsley*, 576 U.S. at 396–97; *see also Harris v. Hudson Cnty.*, No. 22-6729, 2026 WL 973012, at *3 (D.N.J. Apr. 10, 2026) (allowing claims of pepper spraying and use of physical force in response to requests for medical or legal assistance to proceed). Defendant may ultimately assert a defense that alters the Court's analysis. However, such a defense requires factual development beyond the face of the Complaint at this stage. Accordingly, the excessive force claim may **PROCEED** against Defendant.

## IV. CONCLUSION AND ORDER

For the reasons stated above,

**IT IS**, on this **9th** day of November, 2026,

**ORDERED** that Plaintiff's IFP Application, D.E. 1-1, is **GRANTED**; and it is further

**ORDERED** that Plaintiff's claims of deliberate indifference to serious medical needs and excessive force survive screening and may **PROCEED**; and it is further

**ORDERED** that the Clerk of Court shall file the Complaint, D.E. 1, prepare summonses and deliver them, together with copies of the Complaint and this Memorandum Order, to the United States Marshals Service for service on Defendant; and it is finally

**ORDERED** that the Clerk of Court shall send copies of this Memorandum Order to Plaintiff by regular mail.

Evelyn Padin, U.S.D.J.